Filed 5/3/16  P. v. Jordan CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B269674 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA281783 ) |
| v. | |
| DONALD A. JORDAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Richard Lennon, , under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 2006, defendant and appellant Donald Alan Jordan was convicted of four counts of committing a lewd act on a child 14 or 15 years of age by a person 10 or more years older than the victim. (Pen. Code § 288, subdivision (c)(1).)[1] Defendant was also convicted of procuring a child for a lewd act. (§ 266j.) Defendant's 8-year sentence was doubled to 16 years due to his prior conviction of murder, which was a qualifying conviction under the three strikes law. (§§ 1170.12, subds. (a)-(d) and 667, subds. (b)-(i).)

On September 15, 2015, defendant filed a petition to recall his sentence pursuant to section 1170.126, enacted by the November 2012 passage of the Three Strikes Reform Act of 2012 (Proposition 36). Defendant alleged Proposition 36 applied to him as a second strike offender, and further alleged his jury trial waiver on the substantive charges against him did not embrace a jury waiver as to the strike prior conviction allegation.

On September 24, 2015, the superior court denied the petition on two grounds. First, the court ruled the petition was untimely. The effective date of Proposition 36 is November 7, 2012, and section 1170.126, subdivision (b), establishes a two-year filing deadline for relief. Defendant's filing on September 24, 2015, was untimely and good cause was not stated for the late filing. Second, the court ruled that defendant's claim regarding a jury trial waiver was not cognizable in a petition to recall a sentence under Proposition 36.

Defendant filed a timely notice of appeal from the order denying his petition. This court appointed counsel to represent defendant on appeal. On March 25, 2016, appointed counsel filed a brief raising no issues, asking this court to independently review the record for trial errors under *People v. Wende* (1979) 25 Cal.3d 436. Defendant was advised of his right to file a supplemental brief within thirty days. On April 28, 2016, defendant filed a supplemental brief arguing that his sentence must be vacated because the finding that his prior conviction was a strike was improper under

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

*Johnson v. United States* (2015) __ U.S. __, 135 S.Ct. 2551 (*Johnson*) [holding a portion of the Armed Career Criminal Act of 1984 void for vagueness].)

We have completed our independent review of the record and conclude the superior court did not commit error in denying the petition. The petition was untimely as a matter of law, and no good cause for delay has been shown. (§ 1170.126, subd. (b).) On its face, section 1170.126 applies to "persons presently serving an indeterminate term of imprisonment" under the three strikes law. (*Id.* at subd. (a)). Defendant is serving a determinate term of 16 years, and therefore section 1170.126 has no application to his sentence. Nothing in the language of Proposition 36 suggests that a section 1170.126 petition may be used to challenge purported trial error. The basis for defendant's claim on appeal is unclear, as *Johnson* involved a discussion of a portion of a federal statute not implicated in defendant's case. In any event, defendant presents no record to establish that his prior conviction was improperly litigated at trial.

The order denying the petition is affirmed. (*Smith v. Robbins* (2000) 528 U.S. 259.)


KRIEGLER, J.


We concur:


TURNER, P.J.


RAPHAEL, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.